IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-65-D

| | |
|---|---|
| JOSEPH M. CALVACCA, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

On October 19, 2011, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R"). M&R [D.E. 18]. In that M&R, Judge Webb recommended that the court deny plaintiff's motion for judgment on the pleadings [D.E. 13], grant defendant's motion for judgment on the pleadings [D.E. 15], and affirm the final decision of defendant. On November 7, 2011, plaintiff filed objections to the M&R. Pl.'s Obj. [D.E. 19]. On November 18, 2011, defendant responded [D.E. 20] to plaintiff's objections.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted); see also 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Administrative Law Judge ("ALJ") analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff argues that Judge Webb avoided discussion of the specific legal issues raised in this case, erred in treating all of the issues in this case as issues of fact, and denied plaintiff's right to meaningful review. See Pl.'s Obj. 2–4. Plaintiff then restates the arguments in his motion for judgment on the pleadings. See id. 12–20.

2

Notwithstanding plaintiff's contrary arguments, id. 12–16, the ALJ properly made an RFC assessment and finding, and Judge Webb properly reviewed the RFC analysis. See M&R 6–11. Likewise, the ALJ and Judge Webb properly considered and analyzed the medical evidence, including the evidence from Dr. Zarar and Dr. Blitz. In reaching this conclusion, this court recognizes that the regulations provide that the opinion of a treating physician on the nature and severity of impairments is to be accorded controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record . . . ." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); see also Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); SSR 96-2p, 1996 WL 374188, at *2 (July 2, 1996). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. The regulations prescribe factors to consider in determining the weight to be ascribed, including the length and nature of the treating relationship, the supportability of the opinions, and the consistency of the opinions with the record. See 20 C.F.R. §§ 404.1527(d)(2)–(6), 416.927(d)(2)–(6). Here, the ALJ and Judge Webb properly addressed the medical evidence and the issues associated with plaintiff's medical problems. This court agrees with Judge Webb's thorough analysis and adopts it as its own. Finally, Judge Webb properly analyzed the hypothetical questions, M&R 11, and the ALJ's findings concerning the jobs that plaintiff can do.

In sum, the court adopts the M&R [D.E. 18]. Plaintiff's objections to the M&R [D.E. 19] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 13] is DENIED, defendant's motion for judgment on the pleadings [D.E. 15] is GRANTED, and defendant's final decision is AFFIRMED.

SO ORDERED. This _1_ day of December 2011.

                                            JAMES C. DEVER III
                                            Chief United States District Judge